UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KURT SCHELLHAAS**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 18-7979**

**SOUTHWEST AIRLINES CO.**                                   **SECTION: "B"(4)**

<u>**ORDER AND REASONS**</u>

Before the Court are defendant Southwest Airlines Co.'s ("Southwest") motion to dismiss (Rec. Doc. 8), plaintiff Kurt Schellhaas's response (Rec. Doc. 15), and Southwest's reply (Rec. Doc. 20). For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART AND DENIED IN PART.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of Jefferson Parish, Louisiana. *See* Rec. Doc. 1 at 1. Southwest is a Texas corporation with a registered agent in Baton Rouge, Louisiana. *See id*. Plaintiff seeks monetary damages from Southwest for employment practices in violation of both federal and state statutes. *See id*. at 1-3.

In February 1979, plaintiff began working with Southwest. *See id*. at 4. He worked with Southwest for approximately 38 years. *See id*. at 3. His most recent position was cargo customer service supervisor. *See* Rec. Doc. 8-2 at 2.

On December 21, 2017, he was discharged at the age of 59.[1] *See* Rec. Doc. 1 at 3. Southwest told plaintiff that he was discharged because he shipped a generator in violation of the company's safety policy; however, plaintiff states he sought and received approval to ship said generator. *See id*. at 4, 6. Plaintiff alleges he was denied employment opportunities, promotions, and ultimately terminated because of his age and refusal to ship unknown, potentially hazardous cargo in contradiction to longstanding policies. *See id*. at 4, 6-7. Plaintiff alleges Southwest wanted to replace him with a younger and less-expensive employee. *See* Rec. Doc. 8-2 at 3.

On February 18, 2018, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation. *See* Rec. Doc. 1 at 8. On May 23, 2018, plaintiff received a right to sue letter from the EEOC. *See id*. Neither of the parties have submitted a copy of the charge or right to sue letter.

On August 21, 2018, plaintiff filed the instant lawsuit alleging age discrimination under federal and state law as well as unlawful retaliation under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21 Act").[2] *See id*. at 8-

---

[1] According to plaintiff, he was discharged less than one year before he was eligible for retirement. *See* Rec. Doc. 1 at 3.

[2] "Plaintiff also files this complaint under the employee protection provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C.A. § 42121 (Thomson/West 2007) (AIR 21). AIR 21's implementing regulations are found at 29 C.F.R. Part 1979 (2015)." *Id*.

9. Plaintiff alleges that he has suffered, *inter alia*, mental anguish, emotional distress, and loss of wages and benefits. *See id*. at 9. Plaintiff prays for a judgment in his favor on all claims and for all available damages including, actual, compensatory, punitive, and any other under law. *See id*. at 10.

On November 27, 2018, Southwest filed a motion to dismiss for lack of jurisdiction[3] and failure to state a claim. *See* Rec. Doc. 8. On January 8, 2019, plaintiff filed a response in opposition. *See* Rec. Doc. 15. On January 23, 2019, Southwest filed a reply. *See* Rec. Doc. Nos. 18, 19, 20.

**LAW AND FINDINGS**

    **A. 12(b)(1) STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *See Lipscomb v. Zurich Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 72955, at * 2 (E.D. La. 2012) citing to *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When deciding whether subject matter jurisdiction is lacking, "a court may evaluate (1) the complaint alone, (2) the complaint

---

[3] Plaintiff filed this lawsuit asserting jurisdiction on the following grounds: federal question jurisdiction; diversity jurisdiction; and supplemental jurisdiction. *See id*. at 2.

3

supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Buck Kreihs Co. v. Ace Fire Underwriters Ins. Co.*, 2004 U.S. Dist. LEXIS 12442, at *6 (E.D. La. 2004). All uncontroverted allegations of the complaint must be accepted as true. *See Buck Kreihs Co.,* 2004 U.S. Dist. LEXIS 12442 at *7. "The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists." *Lipscomb*, 2012 U.S. Dist. LEXIS 72955 at *3.

### B. 12(b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**C. Plaintiff's AIR 21 Act Claim**

The first issue before the Court is whether the Court has federal jurisdiction over plaintiff's unlawful retaliation claim pursuant to the employee protection provision of the AIR 21 Act, 49 U.S.C. § 42121.

49 U.S.C. § 42121(a)(1) states that no air carrier may discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee provided information regarding a violation of Federal Aviation Administration regulations or federal law. 49 U.S.C. § 42121(b)(1) states that a person who believes that he has been discriminated against may, not later than 90 days after the date on which violation occurs, file a complaint with the Secretary of Labor alleging such discrimination.

Several cases held that 49 U.S.C. § 42121(b)(1)'s language does not imply or create a private right of action. *See*, *e.g.*, *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Williams v. United Airlines*, Inc., 500 F.3d 1019, 1024 (9th Cir. 2007); *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1059 (10th Cir. 2006); *see also Williams v. Perez*, 110 F. Supp. 3d 1, 4 (D.D.C. 2015)("The statute establishes an exclusive scheme of judicial review of the decisions of the Secretary of Labor."); and *Lipscomb v. Zurich Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 72955 at *7 (While the Fifth Circuit has not confronted this issue, two district courts ruled the statute did not create a private right).

Plaintiff concedes that he is bringing his AIR 21 Act claim in a manner that is different from the "normal process." Rec. Doc. 15-1 at 4. He claims that the normal process is to file a complaint pursuant to the OSHA but offer no support for this assertion. *See id*. at 4-5. Plaintiff acknowledges that pursuit of an Air 21 Act remedy in this court is "out of step with specific procedures of the statute." *See id*. at 5. Nevertheless, he argues that the court should adjudicate his claim in the interest of judicial economy. *See id*. The Court is not persuaded. *See Lipscomb*, 2012 U.S. Dist. LEXIS 72955 at * 2 ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."); *see also Candler v. URS Corp.*, 2013 U.S. Dist. LEXIS 137757, at *20 (N.D. Tex.

6

2013)(stating that it could not depart from the statute's plain language when presented with a "personally disagreeable" result).

Accordingly, plaintiff's AIR 21 Act claim is dismissed without prejudice for lack of federal subject matter jurisdiction. *See also Lipscomb*, 2012 U.S. Dist. LEXIS 72955 at *3 (dismissing a plaintiff's claim for lack of federal subject matter jurisdiction because neither of the relevant acts created a private cause of action).

**D. Plaintiff's Age Discrimination Claims**

The second issue before the Court concerns plaintiff's federal and state law age discrimination claims pursuant to the ADEA and LA Rev. Stat. § 23:312. Neither of the claims necessarily depend on the Court's resolution of its jurisdiction over plaintiff's unlawful retaliation claim.

To bring a claim under the ADEA, a plaintiff must first exhaust his administrative remedies. *See Patterson v. Houston Indep. Sch. Dist.*, 2012 U.S. Dist. LEXIS 192253, at *20 (S.D. Tex. 2012) citing to *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489-90 (5th Cir. 2010); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 (5th Cir. 2002). To properly exhaust his administrative remedies, the employee must file a charge with the EEOC and receive a notice of right to sue. *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The primary purpose of this

exhaustion requirement is to trigger both the investigatory and conciliatory procedures of the EEOC, in attempt to reach a non-judicial resolution. *See Pacheco*, 448 F.3d at 789.

Title VII's charge-filing instruction is not jurisdictional. It is "properly ranked among the array of claim-processing rules that must be timely raised to come into play." Provisions concerning Title VII's charge-filing speak to party obligations. "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843 (2019)(allowing a case to proceed without requiring new EEOC charge).

Plaintiff's age discrimination claims survive Southwest's motion to dismiss for failure to state a claim. Plaintiff filed a detailed complaint with factual allegation sufficient to notify Southwest of the nature and basis of his claims as required by federal law. *Ashcroft*, 556 U.S. 662, 678 (2009). Plaintiff alleges that he was discharged due to his age. *See* Rec. Doc. 1 at 4. Plaintiff alleged facts to support that he exhausted his administrative remedies. *See* Rec. Doc. 15-1 at 3. Plaintiff filed a charge with the EEOC on February 18, 2018, and received a right to sue letter on May 23, 2019. *See id*. There appears to be no dispute as to this nor the fact that plaintiff filed this lawsuit within 90 days of receipt of the notice of right to sue.

Southwest argues plaintiff's complaint fails to state a *prima facie* case of disparate treatment because plaintiff fails to identify any employment opportunity or promotion that Southwest denied him or any similarly situated younger person who was treated more favorably than he was with respect to the alleged employment opportunity or promotion. *See* Rec. Doc. 8-2 at 9-10. However, plaintiff explicitly names Sean Reynold, who is allegedly more than 15 years plaintiff's junior, in his complaint. *See* Rec. Doc. 1 at 4. Southwest points the Court to plaintiff's EEOC charge but failed to attach it to their memorandum.[4] See Rec. Doc. 8-2 at 8.

Southwest concedes in its reply memorandum that plaintiff is not required to prove "but for" causation at this stage. *See* Rec. Doc. 20 at 6. Furthermore, many of the cases Southwest cites are not on point as they do not similarly address an age discrimination claim, are not from this Court, or, moreover, do not contain a summary-judgment-stage holding. *See*, *e.g.*, *Thomas v. Kamtek, Inc.*, 143 F. Supp. 3d 1179 (N.D. Ala. 2015); *Delouise v. Iberville Parish Sch. Bd.*, 8 F. Supp. 3d 789 (M.D. La. 2014); *Cargo v. Kan. City Southern*, 2009 U.S. Dist. LEXIS 84620 (W.D. La. 2009); *Hernandez v. Duncanville Sch. Dist.*, 2005 U.S. Dist. LEXIS 5090 (N.D. Tex. 2005).

Southwest is asking the Court to rule on evidence and material facts prematurely. Plaintiff's complaint certainly contains

---

[4] The EEOC charge is referenced in plaintiff's complaint but it is not attached. *See id*.

"enough facts to state a claim to relief that is plausible on its face." *Varela*, 773 F.3d at 707; *see also* Fed. R. Civ. P. 8(a).

New Orleans, Louisiana, this 17th day of July, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE